**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **MIKE JABARY,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. 4:10cv711** |
| | § | |
| **(1.)  CITY OF ALLEN,** | § | |
| **(2.)  PETER SMITH,** | § | |
| **(3.)  STEPHEN TERRELL,** | § | |
| **(4.)  BO BASS,** | § | |
| **(5.)  JON FELTY,** | § | |
| **(6.)  PETE VARGAS** | § | |
| **(7.)  BRET MCCULLOUGH** | § | |
| **(8.)  WILLIAM S. RUSHING** | § | |
| **(9.)  JON DOES 1-5.** | § | |
| | | **Jury Demanded** |
| **Defendants.** | § | **JUDGE SCHNEIDER/ JUDGE** |
| | § | **MAZZANT** |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AND 7A REPLY**

**Parties**

1.    Plaintiff, Mike Jabary, is an individual that is a citizen of the State of Texas.

2.    Defendant, the City of Allen, a municipal corporation, may be served by

delivering a copy of the summons and of the complaint to the City Secretary.

3.    Defendant, Peter Smith (Smith) individually and in his official capacity, an

individual, is the city attorney for the City of Allen, may be served at his regular

place of business, 500 N. Akard St., Dallas, Texas 75201. Service on Smith was

effected by the United States Marshals Service on June 15, 2011.

4.    Defendant, Stephen Terrell (Terrell) individually and in his official capacity, an

individual, Mayor of the City of Allen, may be served at his regular place of

business, 305 Century Parkway, Allen, Texas 75013. Service on Terrell was

effected by the United States Marshals Service on July 16, 2011.

5.    Defendant, Bo Bass (Bass) individually and in his official capacity, an individual, Director of Planning and Development for the City of Allen, may be served at his regular place of  business, 305 Century Parkway, Allen, Texas 75013. Service on Bass was effected by the United States Marshals Service on June 16, 2011.

6.    Defendant, Jon Felty (Felty) individually and in his official capacity, an individual, Sergeant of the City of Allen Police Department, may be served at his regular place of business, 205 W. McDermott, Allen, Texas 75013. Service on Felty was effected by the United States Marshals Service on June 15, 2011.

7.    Defendant, Pete Vargas (Vargas) individually and in his official capacity, an individual, City Manager of the City of Allen, may be served at his regular place of business, 305 Century Parkway, Allen, Texas 75013.

8.    Defendant, Bret McCullough (McCullough) individually and in his official capacity, an individual, Chief Building Official for the City of Allen, may be served at his regular place of business, 305 Century Parkway, Allen, Texas 75013.

9.    Defendant, William S. Rushing (Rushing) individually and in his official capacity, an individual, Chief of Police for the City of Allen, may be served at his regular place of business, 205 W. McDermott Allen, Texas 75013.

## Jurisdiction

10.   This Court has jurisdiction over the lawsuit because the suit arises under 42 U.S.C. §§ 1983, 1985 and the Constitution of the United States. The City of Allen, through development of policies, ordinances, specific directives, and abuse of power, specifically targeted and singled out Mike Jabary for

discriminatory treatment due to the customs of his place of origin, race, religion, and ethnicity.  The City of Allen, through the use of these policies, ordinances, and abuse of power, deprived Jabary of liberty, property, and due process thereof.

## Venue

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (2). The substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas, specifically in Collin County, Texas.

## Rule 7(a) Reply

12. Jabary by this amended pleading provides the necessary reply to the heightened pleading requirement of Fed. R. Civ. P. Rule 7(a).

13. "the plaintiff may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find that the plaintiff has carried his or her burden of proving the pertinent motive." Id. at 600, 118 S.Ct. 1584. West v. Frank  492 F.Supp.2d 1040, 1049 (W.D.Wis.,2007). Jabary believes that he has pleaded with specificity in compliance with the courts order, however, he also believes that discovery is appropriate and that he would be better able to plead more specifically the violation of the individual defendants if he could look behind the thinly veiled claim by the defendants' of immunity.

14. In order to defeat defendants' claim of qualified immunity, plaintiffs must "come forward with facts or allegations sufficient to show both that the defendant's alleged conduct violated the law and that that law was clearly established when

the alleged violation occurred." Pueblo Neighborhood Health Ctrs., 847 F.2d at 646; see also Dixon v. Richer, 922 F.2d 1456, 1460 (10th Cir.1991). Clearly Jabary already pleaded facts demonstrating that the defendants violated his Constitutional and civil rights without due process.

15.  The Court's holding only prohibits judicial revision of rules " separate from the qualified immunity defense" and does not disturb the case law governing qualified immunity. Crawford-El at 595, 118 S.Ct. 1584 (emphasis added). Rule 7(a), should be read narrowly in light of the specific issue before the Court. The Court repeatedly noted that it was addressing standards of proof in the context of the merits of a constitutional claim involving improper motive, rather than in the context of a qualified immunity defense: "The court's clear and convincing evidence requirement applies to the plaintiff's showing of improper intent (a pure issue of fact), not to the separate qualified immunity question whether the official's alleged conduct violated clearly established law, which is an 'essentially legal question.' " Crawford-El, 523 U.S. at 589, 118 S.Ct. 1584 (emphasis added). The Court distinguished Harlow and the qualified immunity context, concluding that, " unlike Harlow, the proper balance does not justify a judicial revision of the law **to bar claims that depend on proof of an official's motive**." Crawford-El v. Britton, 523 U.S. 574, 592 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998)(emphasis added).

## Facts

16.  In early January 2009, Mike Jabary submitted an "Application for a Commercial Certificate of Occupancy Only" to the City of Allen. This Application, received by

the City of Allen on January 09, 2009, indicated the building would be used for a "Restaurant."[1]

17.    Upon the request and insistence of McCullough, Jabary was instructed to submit an additional "Application for Building Permit and Certificate of Occupancy," dated January 15, 2009.  This Application provided that the building would be used for a "Restaurant and Hookah Bar." City staff specifically instructed Jabary to list "Hookah Bar" on the application for a Certificate of occupancy so the specific use would be listed on the application.[2]

18.    The City of Allen approved both the original application and the new application for Certificate of Occupancy, and issued Jabary Mediterranean its Certificate of Occupancy on January 28, 2009.

19.    The Certificate of Occupancy for Jabary Mediterranean, dated January 28, 2009, was approved by the Fire Department, the Health Department, and the Building Official.

20.    The Certificate of Occupancy indicated that the "Use Zone" was designated as SC, and that the building would be used as a "Restaurant (No Drive-in or Through)."[3]

---

[1] Allen Land Development Code 4.20.2, Schedule of Principal Uses. Designates as a permissible use for a Shopping Center, to be a Restaurant (No Drive in or Through). There are no further restrictions listed in the Development code for this classification.

[2] A Hookah is a method for smoking tobacco utilizing a water jar to cool and purify the burning tobacco. The origins of the hookah come from the Persian empire in the 16th century. The hookah has spread widely throughout the world though the primary purpose of the hookah has been an important cultural, social, and traditional device of the Middle Eastern Society since its inception.

[3] See supra note 1. Allen City Attorney Smith and Officer Felty have affirmatively stated that Section 4.20.2 of the Allen Land Development code places a requirement on restaurants

21.    Jabary Mediterranean received two documents from the City of Allen which indicated restrictions on the ability to smoke at the location listed on the Certificate of Occupancy. These documents were designated "Restaurant Smoking Section Design Criteria" and "Food Service Establishment Smoking Ordinance Compliance Form." These two documents indicated that Jabary Mediterranean would be a smoking-only facility.  The Compliance Form was printed with official City of Allen headers.

22.    Neither "Restaurant Smoking Section Design Criteria" nor "Food Service Establishment Smoking Ordinance Compliance Form" indicated there were any restrictions on the percentage of sales of food which could be sold, the quantities, or the method of making such sales.

23.    On February 24, 2009, Mike Jabary appeared in front of the City Council of Allen in an effort to thank them for the support and encouragement he received from City staff. The City Council read his name and address into the record to encourage people to visit his restaurant.

24.    Councilwoman Robin L. Sedlacek specifically encouraged the Mayor to read in the address of Jabary Mediterranean into the record of the council meeting.

25.    Jabary Mediterranean operated for approximately one year without interruption from the City of Allen.

26.    During this time, Jabary Mediterranean sold food, drinks, and tobacco products as permitted by his Certificate of Occupancy. Jabary's Certificate of Occupancy

which requires that there be at least 50% food sales to qualify as a restaurant. After a diligent search there was no indication that any such restriction applied to a "Restaurant (No Drive in or Through)" located within a SC zoned property.

indicated that his business was classified as a restaurant according to the City of Allen.

27.   Jabary Mediterranean operated as a Hookah Bar from its inception and with complete disclosure to the City of Allen. The Hookah Bar was designed to be a place of social gathering with the primary purpose to experience the cultural heritage that Mr. Jabary had brought to this country.

28.   During the City Council meeting in February 2009, Mr. Jabary stated that he had brought his culture to the United States from Jerusalem and his time in Oman and Dubai.

29.   On or about February 2010, Mayor Terrell personally informed Mike Jabary that the city would like Jabary Mediterranean to relocate, allegedly due to its proximity to the Allen Freshman Center.

30.   Jabary declined the Mayor's request, explaining that he had contractual obligations (his lease) which he could not break to simply move.

31.   Mayor Terrell owns a dry cleaning business in the same shopping center as Jabary Mediterranean.

32.   Beginning in mid-February after Terrell's unsuccessful visit, the City of Allen Police Department began making daily trips to Jabary Mediterranean.  The Environmental Health and Code Enforcement began making frequent trips to Jabary's restaurant, as well. All visits were solely for the purpose of harassment. On multiple occasions, Officer Felty and Jon Does 1-5 made trips to Jabary Mediterranean to harass customers to the point where the customers would leave the store due to the police officers' actions and misconduct.

33.    In April 2010, Allen Police Officer Lindsey, without legal authority, called the Building Official's office and requested that Jabary Mediterranean's Certificate of Occupancy be revoked.

34.    Between April 9, 2010, and June 10, 2010, City of Allen Police began harassing the patrons of Jabary Mediterranean. In the course of this 60-day span, the police were dispatched at least 31 times.  On occasion, up to 9 officers were present on any given dispatch, up to three times per day.  No convictions resulted from their dispatches.

35.    On at least two occasions, the City of Allen Police, Officer Felty (Badge # 4164) and Officer John Doe (Badge # 4113) issued citations for alleged violations of "HSC 162.252." These instances did not stem from any violation of Texas Law. On other occasions, the officers' harassment caused customers to leave the restaurant. In some instances, the officers appeared in the restaurant in a menacing manner despite the lack of any customers present in the restaurant to commit any alleged violations.

36.    The Department heads of the City of Allen, including the Building Official, Bret McCullough; City Attorney, Pete Smith; Mayor, Stephen Terrell; City Manager, Peter Vargas; and Director of Planning and Zoning, Bo Bass, held private meetings to devise a method of shutting down Jabary Mediterranean and put Mike Jabary and Jabary Mediterranean out of business.  No convictions ever resulted.

37.    During these meetings, and through conversations with other staff, the City unsuccessfully attempted to manufacture violations of the law through which they

could terminate Jabary Mediterranean's Certificate of Occupancy.

38.   On June 8, 2011, the City of Allen City Council held a meeting in which public comments were invited. The public comments ranged from opposition to support of both the sales of K-2 and the presence of Jabary Mediterranean..

39.   There was no indication that any change to the City zoning rules, City ordinances, or definitions were in debate at the meeting held on June 8, 2011.

40.   On June 9, 2011, the City of Allen again sent Health Inspectors to Jabary Mediterranean. Health Inspector Joey Allette, R.S., issued a notice of violation to Jabary indicating that there would be a 10-day period of time to correct the violation before a citation would be issued. There was no citation issued; there was no violation indicated; there was no actual violation of any law; and there were no grounds for a violation.

41.   The notice indicated that there was allegedly a violation of Allen Land Development Code Table 4.20.2. The notice, signed by Bret McCullough, Chief Building Official, further indicated that the "establishment does not meet criteria for restaurant use." This alleged violation was based on the recommendation of Allen City Attorney Smith and was approved by Bret McCullough and Les Folse.

42.   On June 10, 2011, the City of Allen Police department issued a false press release indicating that Jabary Mediterranean was "selling tobacco to underage minors."  As a result of these allegations, they conducted a health code inspection, which required the assistance of the Building and Code department as well as the Planning and Development Department. The Police Department then concluded without any legal basis that Jabary Mediterranean was not a

restaurant because of the alleged lack of food sales. Based upon this conclusion, the "Certificate of Occupancy was revoked."

43.   Only one day after the inspection, the Allen Police Department issues a press release stating that Jabary Mediterranean's Certificate of Occupancy was revoked, Jabary did not receive any advance warning or notice, hearing, opportunity to respond, or presentation of evidence. At all times Jabary was in compliance with all applicable City of Allen zoning restrictions, city ordinances, state law, and federal law. At all times Jabary had a right to occupy the property and operate his business without interruption from the City of Allen.

44.   Through official action, policies, and secret meetings approved and carried out by elected and appointed officials, the City of Allen, the Allen City Council, and the Allen City Attorney deprived Jabary of his liberties and property without due process of law, notice, or hearing.

45.   City Mayor Terrell was aware that there was no legal basis for the revocation of Jabary's Certificate of Occupancy. Although there was an adequate pre-revocation procedure to follow prior to the revocation, the City of Allen, under Terrell, opted to bully Jabary by utilizing Terrell's position as Mayor to facilitate the revocation of the Certificate of Occupancy without legal basis.

46.   Terrell utilized city resources, city staff, including police officers, and City Attorney Smith to create an elaborate, unlawful scheme to shut down Jabary Mediterranean.

47.   Smith, a licensed Texas Attorney appointed as City Attorney, was aware there was no legal basis for any of the actions taken by the City of Allen. Rather,

Smith, in concert with Terrell, Bass, Felty, Vargas, McCullough, Rushing and Does 1-5, advised the City of a law that did not exist in an effort to assist the City,  Terrell, Bass, Felty, Vargas, McCullough, Rushing, and Does 1-5 to shut down Jabary Mediterranean.

48.    Bass, who was aware that the there was no interpretation of the Land Development Code which could yield the result proposed by the City, actively took part in the destruction of Jabary's civil rights by actively conspiring with Terrell, Smith, Felty, Vargas, McCullough, Rushing, and Does 1-5.

49.    Vargas, as City Manager, effectuated the policy of the City and conspired with Terrell and Smith in secret meetings to deprive Jabary of his civil rights. Vargas was aware of all of the City's polices and procedures and was aware that to revoke Jabary's certificate of occupancy would be in direct violation of Jabary's civil rights. Despite this knowledge, Vargas actively assisted Smith, Terrell, Bass, Felty, McCullough, Rushing and Does 1-5 in depriving Jabary of his civil rights.

50.    Felty, Sergeant of the Allen Police Department, and Does 1-5 were well aware their actions were groundless and sought only to harass and deprive Jabary of his constitutional rights. Felty held *ex parte* communications with Judge Hopper in order to deprive citizens and customers patronizing Jabary Mediterranean of their rights and in an effort to shut Jabary Mediterranean down and deprive Jabary of his civil rights..

51.    McCullough, as Chief Building Official, and Smith as an attorney, was aware of the restrictions set forth in the Allen Land Development code; knew that there was no basis for the revocation of Jabary's Certificate of Occupancy; and knew

that doing so would violate Jabary's civil rights.  Yet McCullough and Smith

continued to act without justification in furtherance of the conspiracy with Terrell,

Bass, Felty, Vargas, Rushing, and Does 1-5 against Jabary.

52.   Rushing, Allen Chief of Police Department, was aware the actions of his officers

were groundless and knew that Felty and Does 1-5 were sent out to Jabary

Mediterranean dozens of times in a month for the sole purpose of harassment

and the deprivation of Jabary's civil rights. Rushing knew Felty held *ex parte*

communications with Judge Hopper and knew that his officers, including Felty,

were actively involved in a conspiracy with Terrell, Bass, Vargas, Smith, and

McCullough against Jabary in order to deprive citizens and customers of their

rights and in an effort to shut Jabary Mediterranean down. Furthermore, Rushing

knew and actively assisted in the enforcement of unlawful policies, including

nonexistent violations of Allen's Land Development Code and Texas State law.

53.   Jabary has clearly delineated civil rights protected by both the federal and state

constitutions as well as federal and state law.  He had the right to lawfully

operate his business without the unlawful and unjust interference by the City of

Allen and the individual actors identified herein. The Defendants individually and

in concert, violated Jabary's protected rights through harassment, interference

with contracts, and the unjust taking of Jabary's property for private and public

purposes.

54.   Jabary's race, ethnicity, country of origin, religion, and customs formed the basis

of this discrimination. The actions of the individual actors as well as the City of

Allen deprived Jabary of the opportunity to practice his customs freely without

interference, in the lawful operation of his ethnic restaurant and *hookah* bar.

### Count I: Takings

55.    Paragraph 1-102 are incorporated herein by reference.

56.    The City of Allen, by and through its agents, and the City Attorney's office intentionally contrived a method to deprive Mike Jabary of the physical occupation of his restaurant and his Certificate of Occupancy for Jabary Mediterranean.

57.    The Fifth Amendment to the United States Constitution provides, in part, "nor shall private property be taken for use, without just compensation." U.S. Const., Amend. V.  The Fourteenth Amendment to the United States Constitution incorporates the Fifth Amendment against the states to prohibit State actors from public takings without compensation and private takings.

58.    The Texas Constitution contains a similar prohibition: "No person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person." Tex. Const. Art. 1, Section 17.

59.    The City of Allen, as a municipal body incorporated under state law, is prohibited from public takings without compensation or private takings.

60.    Jabary has a property right in the use of the Certificate of Occupancy, the lease of the property in the City of Alllen, and beneficial rights of leasing the property.

61.    On June 10, 2010 the City of Allen intentionally invaded Jabary Mediterranean and seized possession of the property with out a hearing, or proper legal authority under any law, with intent to deprive Jabary of his property and civil

rights.

62.  On June 10, 2010, by publication of the City of Allen Police Department, Jabary's

Certificate of Occupancy was summarily revoked by the City of Allen and the City

of Allen seized all use to the property without notice, a hearing, or compensation.

63.  The City of Allen had no laws or regulations in effect, nor were any proposed

laws or regulations sufficiently finalized to deny Jabary the right to use and

occupy the property located in Allen. There was no valid police power in effect

related to Jabary.

64.  The City of Allen subsequently transferred the right to use, enjoy and occupy the

property in Allen to another private party without compensation.

## Count II: Equal Protection

65.  Paragraph 1-102 are incorporated herein by reference.

66.  The Fourteenth Amendment to the United States Constitution incorporates the

protections of the Fifth Amendment against violations of the state and municipal

actors.

67.  Through the actions of the City of Allen and the City Attorney, under the color of

state law, Jabary was deprived of the equal protections of the laws and was

discriminated against based upon his race, religion, national origin, and the

customs and practices of his country of origin.

68.  Through the continual harassment of Jabary's customers, business, Jabary, the

taking of the use of Jabary's business, his property and deprivation of Jabary's

rights based on unconstitutional discriminatory practices; the City of Allen

violated the United States Constitution, the Texas Constitution, and federal and

state laws.

69. From January 1, 2009, through July 13, 2010, there were no laws applicable to Jabary which would have provided any basis for the City of Allen to discriminate against Jabary or his business.

70. The City of Allen specifically sought Jabary's business to shut down and made no effort against any similar businesses. The City of Allen's Mayor, Terrell, initiated the process of harassment and unconstitutional actions by the City of Allen by requesting that Jabary shut down and move out of the city.

71. City Attorney, Smith was specifically tasked with finding a method to "legally" shut down Jabary with the intent of putting him out of business and running Jabary out of town.

72. The only impacted business by the practices of Smith, Terrell, the Allen Police Department, and the City of Allen was Jabary and his restaurant.

### Count III: Procedural Due Process

73. Paragraphs 1-102 are incorporated herein by reference.

74. The City of Allen unconstitutionally deprived Jabary of his right to occupy the property in Allen and run his legal business, as well as his right to the use of the Certificate of Occupancy and lease of the property without due process or opportunity to be heard in violation of the Fourteenth Amendment to the Constitution and 42 U.S.C. § 1983.

75. The City of Allen is a state actor through its incorporation as a municipal corporation under the laws of Texas.

76. The City of Allen neither provided notice of their intent to revoke Jabary's

Certificate of Occupancy nor provided notice of his violation of any law or any methods by which Jabary could correct any alleged violations.

77.    The City took no judicial actions to revoke the Certificate of Occupancy.

78.    The City held no public meetings, provided no notice, and did not publish any proposed law on the change to the zoning ordinances, classification of a restaurant, or the legality of K-2.

79.    Finally, the City provided no compensation to Jabary for the deprivation of his constitutional rights and taking of his property.

80.    The actions of the City of Allen, Terrell, Bass, Felty, Vargas, Smith, McCullough, Rushing, and Does 1-5 in this process show a complete lack of respect for the law in the revocation of Jabary's Certificate of Occupancy and unlawful shut down of Jabary Mediterranean.

81.    The City of Allen and its conspirators failed to issue notice, file a lawsuit, hold a public hearing, provide opportunity to be heard, file criminal charges, or invoke any other constitutional protection against state action afforded by the constitution.

## Count IV: Substantiative Due Process

82.    Paragraphs 1-102 are incorporated herein by reference.

83.    The City of Allen, City Attorney, and Allen Police Department acted arbitrarily in furtherance of no legitimate governmental end in the revocation of Jabary's Certificate of Occupancy.

84.    The Fourteenth Amendment seeks to protect individuals against the arbitrary, egregious, outrageous, and unfair conduct of the Government.

85.     While not limited to one officer, the City of Allen as a whole-through the

        conspiracy of Terrell, Bass, Felty, Vargas, Smith, McCullough, Rushing and

        Does 1-5 have blatantly abused its power through its entire course of conduct by

        harassing both Jabary and his customers; depriving Jabary of his fundamental

        constitutional rights; and revoking the Certificate of Occupancy for his business.

86.     The City of Allen's actions specifically oppressed a particular group of people.

        These actions adversely affected Jabary and resulted in the government shutting

        down Jabary's business.

### Count V: Chilling Effect Substantiative Due Process

87.     Paragraphs 1-102 are incorporated herein by reference.

88.     The unconstitutional actions of the City of Allen, the City Attorney and the Allen

        Police Department had a "chilling effect" on the free exercise of the First

        Amendment to the Constitution.

89.     The City acted in complete disregard for the laws of the United States and

        Texas.

90.     Without legal purpose or reason, the City sought to shut down a lawfully

        operating business because of their dislike for the owner and his customs.

91.     Without violations of the law, Jabary and his customers were subject to constant

        harassment and abuse by the City and its Police Department.

92.     Permitting the City and the Police Department to act in direct contravention of the

        Constitution and without proper legislative action deprives the public of the

        opportunity participate in the customs of other ethnic heritages, participate in free

        and open discourse, practice the beliefs of their religion and that of others, and

places citizens in fear of their government.

## Count VI: Conspiracy

93.    Paragraphs 1-96 are incorporated herein by reference.

94.    The City of Allen, through its employees, the Allen Police Department, and the City Attorney, Smith, conspired to deprive Jabary of his civil rights and the due process of the law, in addition to the deprivation of the right to use of the property in Allen, the Certificate of Occupancy, and equal protection of the laws.

95.    The City of Allen, the Allen Police Department, and the City Attorney held several conversations, private meetings, and other communications to determine the best way to shut down and alienate Jabary and his customers.

96.    The result of these meetings resulted in the City Attorney recommending revoking Jabary's Certificate of Occupancy based on false allegations related to the zoning restrictions and laws.

97.    The Allen Police Department issued a press release which revoked Jabary's Certificate of Occupancy without the due process of laws based upon the City Attorney's statements and at the request of the Mayor and City Staff.

98.    The City of Allen, the City Attorney, and the Allen Police Department acted in direct violation of the Fourteenth Amendment to the Constitution and conspired to violate Jabary's rights under the US and Texas Constitution.

99.    These violations amount to conspiracy under 42 U.S.C. § 1985(3).

## Damages

100.    As a direct and proximate result of Defendant's conduct, plaintiff suffered the following injuries and damages:

    a.      Lost earnings;

    b.      Loss of earning capacity;

    c.      Damage to reputation in the past and future;

    d.      Mental anguish in the past and future;

    e.      Loss of right to use property;

    f.      Deprivation of substantive due process;

    g.      Deprivation of procedural due process;

    h.      Harassment;

    i.      Violations of constitutional and statutory rights;

    j.      Punitive damages;

    k.      Any and all other statutory damages suffered as a result of the conspiracy and unconstitutional actions of the Defendant.

## Attorney's Fees

101.    Plaintiff is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988(b).

## Prayer

102.    For these reasons, Plaintiff asks for a judgment against all Defendants for the following:

    a.      Actual and compensatory damages;

    b.      Payment for reasonable attorney's fees;

    c.      Prejudgment and post judgement interest;

    d.      Costs of suit and related matters to seek vindication of civil rights; and

    e.      All other relief the court deems appropriate.

      f.    **Jury is Demanded**

Respectfully Submitted, *MOSSER LAW PLLC*


/s/James C. Mosser
James C. Mosser
Texas Bar No. 00789784
Nicholas D. Mosser
Texas Bar No. 24075405
17110 Dallas Parkway, Suite 290
Dallas, Texas  75248 Telephone:
(972) 733-3223
Facsimile: (972) 267-5072
**Lawyers for Plaintiff, Michael Jabary**

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2011, a true and correct copy of the foregoing was electronically filed on the CM/ECF which will automatically serve a Notice of Electronic Filing on the following attorney in charge for Defendants.

JAMES T. JEFFREY, JR.
State Bar No.: 10612300
LAW OFFICES OF JIM JEFFREY
2214 Park Springs Blvd.
Arlington, Texas 76013
Phone No.: (817) 261-4640
Fax No.: (817) 275-5826
**ATTORNEY FOR DEFENDANT**


I certify that James T. Jeffrey, Jr., is a registered CM/ECF user and that service will be accomplished by the CM/ECF system.


/s/ James C. Mosser
James C. Mosser