# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| MIKE JABARY § | |
| § | |
| § | |
| V.  § | CASE  NO. 4:10-CV-711 |
| § | Judge Schneider/Judge Mazzant |
| CITY OF ALLEN, ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636.  On January 27, 2012, the reports of the Magistrate Judge were entered containing proposed findings of fact and recommendations as follows:

- Defendants Peter Smith, Stephen Terrell, Bo Bass, and Jon Felty's Second Motion to Dismiss for Failure to State a Claim (Dkt. No. 49) and Defendants Peter Vargas, Bret McCullough and William Rushing's Motion to Dismiss for Failure to State a Claim (Dkt. No. 66) be granted (Report and Recommendation Dkt. No. 78);

- Defendant City of Allen's Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 48) be granted in part (Report and Recommendation Dkt. No. 79).

The Court has made a *de novo* review of Plaintiff's objections and Defendants' response to Plaintiff's objections, and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit.

On December 28, 2010, Plaintiff *pro se* filed a Complaint against Defendants. On January 19, 2011, the Court granted Plaintiff's request to proceed in forma pauperis and denied his request for counsel (Dkt. No. 7). On May 13, 2011, Plaintiff, now with counsel, filed his Amended Complaint (Dkt. No. 9).  On July 1, 2011, Defendant The City of Allen (the "City") filed a motion

to dismiss (Dkt. No. 17), and Defendants Peter Smith, Stephen Terrell, Bo Bass, and Jon Felty filed a Motion to Dismiss for Failure to State a Claim and Alternative Request for Rule 7(a) Reply to Immunity Defenses (Dkt. No. 18). On August 10, 2011, the Court ordered Plaintiff to file a Rule 7(a) Reply (Dkt. No. 36). On August 24, 2011, Plaintiff, without seeking leave of Court, filed his Second Amended Complaint and Rule 7A Reply (Dkt. No. 37). On October 4, 2011, Defendant City of Allen filed a motion to dismiss the second amended complaint (Dkt. No. 48). On October 18, 2011, Plaintiff filed a response (Dkt. No. 63). On October 31, 2011, the Defendant filed a reply (Dkt. No. 65). On October 4, 2011, Peter Smith, Stephen Terrell, Bo Bass, and Jon Felty filed a motion to dismiss (Dkt. No. 49). On October 18, 2011, Plaintiff filed a response (Dkt. No. 63). On October 31, 2011, the Defendants filed a reply (Dkt. No. 65). On November 14, 2011, Defendants Peter Vargas, Bret McCullough and William Rushing filed a motion to dismiss (Dkt. No. 66). Plaintiff did not file a response to the motion.

On January 19, 2012, Plaintiff filed, without seeking leave of Court and after Defendants filed their motion to dismiss, his Third Amended Complaint (Dkt. No. 77). On February 3, 2012, Defendants Peter Smith, Stephen Terrell, Bo Bass, Jon Felty, Peter Vargas, Bret McCullough, and William Rushing filed a Motion to Dismiss for Failure to State a Claim (Dkt. No. 86). Also on February 3, 2012, the City filed a motion to dismiss (Dkt. No. 85). On February 8, 2012, Plaintiff filed a response to Defendants' motions (Dkt. No. 88).

Plaintiff did not ask for leave to file his Third Amended Complaint. Plaintiff takes the position that the deadline to add parties and file amended pleadings gives him an unlimited right to file new pleadings and add new parties. This assumption is incorrect, and Plaintiff must look to Federal Rule of Civil Procedure 15. The Scheduling Order must be read in conjunction with the Federal Rules of Civil Procedure. Because Defendants have already filed responsive pleadings

before Plaintiff filed his Third Amended Complaint, Rule 15(a)(2) applies. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Defendants did not give consent, and Plaintiff did not ask for leave. Therefore, Plaintiff's Third Amended Complaint (Dkt. No. 77) is hereby **STRICKEN.**

However, even if Plaintiff had asked for leave, the Court would have denied the request. The decision whether to grant a motion to amend is within the court's discretion. *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998). The Court is guided by the limitation in Rule 15(a)(2), which states that "leave shall be freely given when justice so requires." *Jacobsen*, 133 F.3d at 318. The factors which the court may consider include undue delay, bad faith or dilatory motive, repeated failure to correct deficiencies through previous amendments, undue prejudice to the nonmoving party, and futility of the amendment. *Id.* (quoting *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996)). If the amended pleading will be subject to dismissal, the court may consider the amendment to be futile and deny leave to amend. *Fed. Deposit Ins. Corp. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994). The court may deny motions to amend, even when such amendment would be "as a matter of course," when the amendment would be futile. *Johnson v. Dunbar*, No. 92-09536, 1994 WL 35605, at *4 (5th Cir. Jan. 27, 1994). A review of the Third Amended Complaint, as well as the new motions to dismiss, leads the Court to the conclusion that this amendment would be futile and does not correct the deficiencies of the prior complaints.

Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Defendants Peter Smith, Stephen Terrell, Bo Bass, and Jon Felty's Second Motion to Dismiss for Failure to State a Claim (Dkt. No. 49) and Defendants Peter Vargas, Bret McCullough and William Rushing's Motion to Dismiss for Failure to State a Claim

(Dkt. No. 66) are GRANTED.  Defendants Peter Smith, Stephen Terrell, Bo Bass, Jon Felty, Peter Vargas, Bret McCullough, William Rushing and John Does 1-5 are DISMISSED with prejudice.

It is further **ORDERED** that Defendant City of Allen's Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 48) is GRANTED in part and the case is STAYED sixty (60) days from the entry of this Memorandum to allow Plaintiff to exhaust his state remedies.  The stay only applies to the Plaintiff's claims against the City.

It is further **ORDERED** that City of Allen's Motion & Brief to Dismiss Third Amended Complaint (Dkt. No. 85) is DENIED as moot.

It is further **ORDERED** that Defendants Peter Smith, Stephen Terrell, Bo Bass, Jon Felty Peter Vargas, Bret McCullough and William Rushing's Motion & Brief to Dismiss for Failure to State a Claim (Dkt. No. 86) is DENIED as moot.

It is further **ORDERED** that Plaintiff's Motion for Sanctions and Memorandum in Support of Motion for Rule 11 Sanctions (Dkt. No. 83) is DENIED.

It is further **ORDERED** that Plaintiff and Defendant City of Allen shall file a Status Report on or before May 4, 2012.

**It is SO ORDERED.**

**SIGNED this 29th day of February, 2012.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE