# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MIKE JABARY | § | |
| | § | |
| v. | § | Case No. 4:10-cv-711 |
| | § | Judge Clark/Judge Mazzant |
| STEPHEN TERRELL, | § | |
| BRET McCULLOUGH | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Continuance (Dkt. #141). After considering the motion and the response (Dkt. #144), the Court finds the motion is denied.

Plaintiff requests that he needs additional time to secure deposition testimony and discovery responses regarding all remaining issues in this lawsuit, and requests that the Court extend the trial setting in this case. The Fifth Circuit signed its opinion on this case on January 17, 2014, remanding Plaintiff's procedural due process claims regarding both Defendants to this Court. On February 5, 2014, the Court entered an amended scheduling order setting the deadline for dispositive motions for May 14, 2014, and the deadline for discovery for July 23, 2014. Following that scheduling order, the parties had a dispute regarding the scope of discovery in light of the Fifth Circuit's ruling, and on April 21, 2014, the Court ruled on Jabary's motion to compel. The Court found that that Plaintiff is only permitted to conduct discovery on the issue of qualified immunity as it relates to the procedural due process claims (Dkt. #131 at 2). Plaintiff contends that it can now move forward with discovery, but has had inadequate time to complete it prior to the dispositive motion and discovery deadline. Plaintiff asserts that he needs to depose Stephen Terrell, Bo Bass, Bret McCullough, Bill Rushing, Jon Felty, Shelley George, and Matthew Johnson regarding the policies, procedures, participation, and facts in their declarations and related to the revocation procedure. The depositions of Bret McCullough and

1

Stephen Terrell have already been taken. Plaintiff requested to add the deposition of Bret McCullough to the summary judgment record, and the Court granted that request. Plaintiff did not request to add the deposition of Stephen Terrell. Plaintiff also contends that only allowing three and a half months from the date of the Fifth Circuit's opinion until the dispositive motion deadline was inherently improper.

Plaintiff essentially requests a continuance under Federal Rule of Civil Procedure 56(d), which states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

"[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus. Int'l, Inc.*, No. 3:02-CV-1461-D, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004). "Rule 56(d) functions as a safe harbor that has been built into the rules so that summary judgment is not granted prematurely." *State Farm Fire and Cas., Co. v. Whirlpool Corp.*, No. 3:10-CV-1922-D (N.D. Tex. Aug. 15, 2011) (citing *Union City Barge Line v. Union Carbide Corp.,* 823 F.2d 129, 136 (5th Cir. 1987)). "It is usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *Id.* "Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct – not to complete – discovery. The two concepts are distinct." *Id.* (citing *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991)).

It is not sufficient for a summary judgment nonmovant to allege that discovery is incomplete or that discovery will produce needed but unspecified facts. *See Washington v.*

2

*Allstate Ins. Co.*, 901 F.2d 1281, 1284-85 (5th Cir. 1981). The party must demonstrate "how the additional time will enable [it] to rebut the movant's allegations of no genuine issue of fact." *Id.* at 1286 (internal quotation marks omitted) (quoting *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985)). A nonmovant is not entitled to a continuance if it "fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery" and gives only "vague assertions of the need for additional discovery." *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999) (internal quotations and citations omitted). Rule 56 does not require that any discovery take place before summary judgment can be granted. *Washington*, 901 F.2d at 1285.

As an initial matter, this case was pending for fourteen months prior to the appeal taken in this case. No discovery was sought by Plaintiff during that time period. In addition, Plaintiff received initial disclosures from Defendants on November 16, 2011, and a supplement on February 22, 2012.

Plaintiff has not demonstrated its diligence in seeking to prepare for trial, blaming the delay on both Defendants and the Court. Plaintiff contends that the Court's delay in ruling on its motion to compel prevented it from obtaining discovery; however, Plaintiff fails to note that it also filed a Motion for Relief from Judgment (Dkt. #124), and a Motion to Stay Proceedings After Ruling on Modification of the Judgment (Dkt. #125). The Court denied both of these motions, and ordered the parties to prepare for trial. (Dkt. #129; #132). However, it was Plaintiff who delayed seeking discovery on the qualified immunity issues related to the procedural due process claims, and instead insisted on seeking discovery on all matters at issue in the suit. In February and March of 2014, Defendants engaged in attempting to schedule depositions, but Plaintiff did not respond to Defendants inquiries regarding whether both

3

depositions could be conducted in one day, and to confirm deposition dates.  As of April 28, 2014, the parties finally agreed on deposition dates of May 7 for Defendant Terrell and May 9 for Defendant McCullough.  On May 6, 2014, at 4:30 p.m., Defendant's counsel was notified that Plaintiff's counsel, Ms. Alexis Mosser, was ill and would be unavailable for the depositions.  Plaintiff's counsel Mr. Nick Mosser "stated that…he would need more time to prepare in order to conduct the deposition May 7 efficiently" (Dkt. #144 at 8).  Defendant's counsel stated he was unwilling to reschedule, and Mr. Nick Mosser hung up the phone.  *Id*.  Defendant's counsel was unable to reach him by telephone following that conversation.  After many letters back and forth, Defendant's counsel suggested a stipulation to the Court regarding deposition date and summary judgment deadlines, which the Court ultimately struck (Dkt. #138).  The parties later selected June dates for the depositions, which were conducted by Ms. Alexis Mosser, despite the fact that Plaintiff has three counsel listed on the docket.  This does not demonstrate diligence on the part of Plaintiff in obtaining discovery.

Further, although Plaintiff names the individuals he seeks to depose, he does not indicate how their depositions will lead to any information that would be material to defeating the motion for summary judgment.  Defendant McCullough's deposition is in the record.  Defendant Terrell's deposition clearly did not yield relevant information, since Plaintiff did not request to add that deposition in its motion to supplement.  As for the policies and procedures of the City of Allen, Defendants' motion for summary judgment includes that information in great detail, and is undisputed by Plaintiff.  The only questions before the Court is whether there was a constitutional violation of Plaintiff's due process rights, was the conduct of the Defendants objectively reasonable under the circumstances, and whether Plaintiff mitigated his damages.  Plaintiff fails to demonstrate how the testimony of any of these individuals bears on those three

4

questions. Plaintiff continues to claim that there was a widespread conspiracy among the City of Allen officials to revoke Jabary's certificate of occupancy, but Plaintiff's conspiracy claims were dismissed by this Court and that decision was affirmed by the Fifth Circuit. Thus, there is no reason to depose these individuals about any plan to deprive Jabary of his certificate of occupancy, because that is not at issue in the present litigation.

In short, Plaintiff has not met his burden to show that a Rule 56(d) continuance is appropriate in this case. For this reason, the Court finds Plaintiff's motion is denied.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's Motion for Continuance (Dkt. #141) is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 17th day of July, 2014.

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE