**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MIKE JABARY, | § | |
| | § | |
|       *Plaintiff*, | § | |
| | § | |
| v. | § | CASE NO. 4:10-CV-711 |
| | § | |
| STEPHEN TERRELL and BRET MCCULLOUGH, | § | |
| | § | |
|       *Defendants.* | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and he has issued his report and recommendation [Doc. #151]. The Magistrate Judge recommended that Plaintiff's Opposed Motion for Leave to Supplement its Response to Defendants' Motion for Summary Judgment [Doc. #146] be granted and that Defendants' Motion for Summary Judgment [Doc. #135] be granted in part and denied in part.

Defendants object to five specific areas of the report and recommendation of the Magistrate Judge pertaining to Plaintiff's claims against Defendant Bret McCullough ("McCullough") [*See* Doc. #153]. Plaintiff Mike Jabary ("Jabary") did not file a response. Defendants do not object to the dismissal of Plaintiff's claims against Defendant Stephen Terrell ("Terrell"), or to the Magistrate Judge's recommendation that Plaintiff's motion for leave to supplement be granted. The court will adopt those portions of the report and recommendation of the Magistrate Judge.

1

First, Defendants state that when accepting the supplemental response to the motion for summary judgment, the Magistrate Judge "made it clear that no further briefing was allowed" [Doc. #153 at 2]. Defendants then go on to note that if further briefing had been allowed, then the Magistrate Judge would likely not have committed the errors which Defendants assert were committed. However, Defendants misunderstand the ruling of the Magistrate Judge. The Magistrate Judge did not prevent Defendants from filing any further briefing, but merely stated that "no additional briefing [would be] required," and the court's consideration of the supplement would not delay the proceedings any further [Doc. #151 at 9]. Defendants' response brief in opposition to the motion for leave to supplement noted that the court's consideration of the supplemental response would trigger an additional reply from Defendants and possibly a sur-reply from Plaintiff; however, Defendants did not request leave to file any additional briefing, and did not state why such a response would be necessary. This court agrees that additional briefing was not necessary given the nature of Plaintiff's supplemental response, which primarily relied on the addition of the deposition of McCullough to the summary judgment record,[1] and the fact that the parties had already engaged in full briefing on the issues at summary judgment. Further, contrary to Defendants representations, the Magistrate Judge did not deny Defendants the opportunity to file any further briefs. Thus, to the extent that Defendants object to any alleged failure of the Magistrate Judge to allow a reply brief to be filed, that objection is overruled.

Defendants next object to the Magistrate Judge's alleged failure to consider McCullough's declaration in its decision on summary judgment. As noted in its ruling on

---

[1] The deposition testimony of McCullough filed by Plaintiff was a rough draft transcript, and was not intended to be cited or used by the parties. However, Defendants did not object to the introduction of the deposition testimony of McCullough on this basis, and the court finds that the deposition testimony may be used for the purposes of this motion.

Plaintiff's objections to the declaration of McCullough, the Magistrate Judge stated: "The Court did not rely on the affidavit of McCullough, and used his deposition testimony instead, which was submitted in its entirety by Plaintiff" [Doc. #151 at 1 n.1]. Defendants contend that there was no reason for the Magistrate Judge not to consider the contents of McCullough's declaration, as the Magistrate Judge overruled Plaintiff's objections to the declaration, and found that the "deposition of McCullough closely follows the statements made in his affidavit…" [Doc. #151 at 9].

Defendants assert that the Magistrate Judge's error is demonstrated by the fact that the Magistrate Judge erroneously found a fact issue as to whether McCullough acted arbitrarily or otherwise abused his discretion in concluding there was an emergency requiring summary action. The Magistrate Judge noted that several days prior to the revocation of the certificate of occupancy on June 9, 2010, there was a bad health inspection report on May 27, 2010 [Doc. #151 at 17]. The Magistrate Judge found that although many of the same conditions existed prior to the June 9, 2010 inspection, Jabary Mediterranean's certificate of occupancy was not revoked at that time. *Id*. The Magistrate Judge concluded that this evidence could lead a reasonable jury to conclude that McCullough's decision was arbitrary or an abuse of McCullough's discretion. Defendants contend, however, that the Magistrate Judge failed to consider the fact that McCullough's declaration stated that at the June 9, 2010 inspection, many members of McCullough's staff were present who noted that the earlier violations found on May 27, 2010, were not yet remedied by the June 9, 2010 inspection. Defendants state that the Magistrate Judge incorrectly assumed that McCullough knew about the health and safety issues regarding the condition of the business two weeks before he revoked the certificate of occupancy, but did not find an exigency at that time.

3

In his deposition, McCullough testified that he did not know about the prior bad health inspection report until he arrived at Jabary Mediterranean [Doc. #147-2 at 135:11-18]. The Magistrate Judge considered McCullough's deposition in its decision on summary judgment, and Defendants' argument that an alleged error on the part of the Magistrate Judge occurred from the failure of the Magistrate Judge to consider the declaration of McCullough does not apply here. Defendants apparently disagree with the holding of the Magistrate Judge, which will be addressed in this court's consideration of Defendants' subsequent objections; however, no error resulted from a failure to consider the declaration of McCullough.

Defendants also assert that had the Magistrate Judge considered the declaration of McCullough, it would have noted that McCullough stated in his declaration that he became specifically aware that K2 was considered a dangerous substance by the City of Allen Police Department on June 8, 2010, one day before he revoked the certificate of occupancy. This is a mischaracterization of the facts as presented to the Magistrate Judge. Although McCullough may have stated in his declaration that he was unaware that K2 was considered a dangerous substance by the City of Allen Police Department until June 8, 2010, his deposition testimony reflects otherwise. When asked when he developed a concern about the sale of K2 at Jabary's business, McCullough testified that he was concerned about the sale of K2 at Jabary's for months prior to the inspection in June. The exchange is set forth as follows:

> Q. Okay. When did you develop this concern about the sale of K2 at Jabary's business?
> A. Oh, gosh, I don't know.
> Q. The day that you went there?
> A. Oh, no. I – there was – there was months of all these things. I don't remember.
> Q. So you went there in June. Do you think you – you had developed this concern by, say, January of that year?
> A. I don't remember.
> Q. But before you went and revoked it?

4

> A. I didn't know much about it then. I knew there was a community concern.
> Q. Okay. You said you had known about it for months. So at least you knew about it in May of 2010?
> A. Maybe.
> Q. Okay. How long was months when you say you'd known about it for months?
> A. Well, I said there were months of lots of things going on. I can't pin down the K2 in the bucket of things.
> Q. So you don't know when you developed this concern about K2?
> A. Not sure.
> Q. But it wasn't the day that you showed up at his business?
> A. No.
> Q. Was it the week before?
> A. Not sure.
> Q. You have no idea?
> A. I'm not sure. Maybe. I would say maybe in a three month – maybe three or four months. Sometime in the three or – it's been four years ago, I don't know.

[Doc. #147-2 at 106:19-108:1]. McCullough further stated that he had no idea what the dangers of K2 were, that he could not state the effects that it had on the City of Allen or its citizens, and that he was not sure why K2 specifically was considered dangerous. McCullough was not sure if K2 was a public health risk, and the only statement that he was willing to make at his deposition was that he had heard it was dangerous from "reliable" sources. McCullough unequivocally testified that on the day he revoked the certificate of occupancy, he did not know if anyone died from using K2, went to the hospital because of K2, and did not know what the dangers of K2 were. *Id.* at 119-121. This is quite different testimony from that contained in McCullough's declaration, and is one of many examples demonstrating fact issues that cloud the case at hand. Additionally, Defendants' apparent belief that a declaration of an official must be taken as fact is incorrect; issues of material fact may be raised by contravening statements of others, and of the official himself. Defendants' objection is overruled.

Defendants also assert that had the Magistrate Judge considered the declaration of McCullough, the Magistrate Judge would have noted that McCullough stated: "I was concerned that Mr. Jabary's business was at that time an immediate risk to public health and safety" [Doc.

#153 at 7 (citing McCullough Dec., Defs' MSJ Apx. p. 91 ¶ 21, Doc. 135-2 p. 91)]. The Magistrate Judge did consider the same or similar testimony from McCullough appearing in his deposition [Doc. #151 at 4-5 (noting that McCullough was "absolutely shocked" when he arrived at Jabary Mediterranean, that Jabary had "abused" his certificate, and that Jabary was written up for numerous public health and safety violations; at 16 (describing all the reasons why McCullough determined that the certificate should be revoked); *see also* Doc. #147-2 at 126:11-18 (discussing public health and safety risks); 234:5-235:8 (discussing McCullough's statement that Jabary Mediterranean was "an immediate risk to public health and safety")]. In short, there is ample information in the deposition of McCullough that he alleges that he revoked the certificate of occupancy based on his belief that Jabary Mediterranean was "an immediate risk to public health and safety," and no error resulted from the Magistrate Judge's failure to consider the declaration of McCullough.

Further, had the Magistrate Judge been inclined to consider this statement in the declaration of McCullough, it is irrelevant to the question facing the court. As the Magistrate Judge pointed out, "the question before the Court is not whether an emergency actually existed, but whether McCullough acted arbitrarily or otherwise abused his discretion in concluding that there was an emergency requiring summary action" [Doc. #151 at 16]. Thus, although McCullough claims that he was concerned for the public health and safety, the only question that the court must consider is whether McCullough acted arbitrarily or otherwise abused his discretion. Thus, Defendants' objections to the failure of the Magistrate Judge to consider the affidavit of McCullough are overruled.

Next, Defendants assert that the Magistrate Judge failed to apply the correct summary judgment burden-shifting analysis in the context of qualified immunity. Defendants argue that

6

"[o]nce an official pleads the qualified immunity defense, the burden then shifts to the plaintiff who must rebut the defense by establishing a genuine fact issue as to whether the official's allegedly wrongful conduct violated clearly established law" [Doc. #153 at 8]. Defendants assert that Plaintiff bears the burden of negating qualified immunity. *Id*. Defendants argue that the Magistrate Judge failed to recognize Plaintiff's burden, and applied Plaintiff's burden incorrectly in its report and recommendation.

As for Defendants' statement that the Magistrate Judge failed to recognize Plaintiff's burden, the court finds this objection is overruled. The Magistrate Judge clearly stated, "the Court must determine whether Jabary raises a genuine issue of material fact with respect to… qualified immunity…" [Doc. #151 at 9; *see also id*. at 18 ("[Qualified immunity] shields particular government officials from civil damages liability unless the ***plaintiff*** proves (1) that the officials violated a 'clearly established constitutional or statutory right' and (2) that the officials' conduct was objectively unreasonable." (emphasis added))]. Thus, the Magistrate Judge clearly recognized that it was Jabary's burden to demonstrate a genuine issue of material fact.

The court will now turn to Defendants' assertion that the Magistrate Judge incorrectly applied Plaintiff's burden in the instant case. Defendants contend that the Magistrate Judge recognized that the circumstances regarding the revocation of the certificate of occupancy were largely undisputed. The Magistrate Judge found that Defendants' evidence demonstrated the following:

> McCullough testified that there were several factors that contributed to his decision to revoke the Certificate. First, he entered Jabary's restaurant and found it to be set up like a lounge, and not like a restaurant. Jabary's Certificate is issued for restaurant use. There was a display case that used to contain food that at the time of the inspection contained only tobacco or smoking materials. It was clear to McCullough that Jabary was not operating a restaurant. Second, the

> kitchen was dirty and unsanitary. The food establishment inspection report notes that there was expired milk in the refrigerator, there was unlabeled turkey, the dishwashing facilities were unsanitary with tobacco and hookah equipment, there was no sanitizer in the entire facility, all the hand sinks were blocked and unusable, the kitchen lacked vinyl coated ceiling tiles, and the kitchen contained old, unused kitchen equipment (Dkt. #135 at Apx. 55). Jabary did not have unexpired food available for sale at that time. Third, McCullough was aware that Jabary was selling K2, a product he believed to be dangerous to the public, but legal to sell. McCullough was also aware that Jabary sold tobacco to minors.

[Doc. #151 at 16]. The Magistrate Judge then recognized that Plaintiff's evidence indicated the following:

> Jabary does not refute any of this evidence. Jabary argues that McCullough testified that there were no exigent circumstances sufficient to justify a public health or safety emergency. In support of this argument, Jabary points to McCullough's deposition where he testified:
>
>> Q. He was egregiously violating the law as you had determined it. But that was one of the many factors, but it was that and not an emergency issue; is that correct?
>> A. I couldn't put my finger on an emergency issue.
>
> (Dkt. #147 at Deposition 141:7-10). Jabary also notes that when asked about the dangers of K2 or the side effects of K2, McCullough testified that he did not know. McCullough also testified that Jabary did not have any food in the restaurant, that he did not know anyone who had gotten sick from Jabary Mediterranean, and did not know if Jabary was selling food. *Id.* at 123:10-15; 124:13-14; 125:24-25. Jabary also argues that McCullough was aware for months that Jabary sold hookah and K2, and did not find it exigent to revoke his Certificate during those months. Further, Jabary asserts that he had a bad health inspection on May 27, 2010, which was several days prior to the revocation of the Certificate on June 9, 2010. Jabary contends that it was not considered an exigency to revoke his Certificate at that time for similar health violations.

*Id.* at 16-17. Based on the two different interpretations of the facts in this case, the Magistrate Judge concluded that "there is a fact question as to whether McCullough acted arbitrarily or otherwise abused his discretion in concluding that there was an emergency requiring summary action." *Id.* at 17 (citing *RBIII, L.P. v. City of San Antonio*, 713 F.3d 840, 845 (5th Cir. 2013)). The Magistrate Judge essentially concluded that there was a genuine fact issue, raised by

8

Plaintiff, as to whether McCullough acted arbitrarily or abused his discretion when he concluded that the circumstances that existed in Jabary Mediterranean on June 9, 2010, were an emergency requiring him to take action without providing Jabary with notice and a hearing prior to the deprivation of his property interest. McCullough's testimony reveals that he claims to have been "shocked," but since could he not put a finger on an emergency issue, perhaps a jury would find that he is overly sensitive. He could not testify to the dangers of any of the conditions he observed that Defendants allege justified the revocation of the certificate. As the Magistrate Judge pointed out, in considering a motion for summary judgment the court must consider all of the evidence but must refrain from making any credibility determinations or from weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). At least with regard to this particular issue, it appears that a fact issue is created by the testimony of McCullough himself, and it would not be appropriate for the court to make a credibility determination regarding McCullough's testimony or to determine which version of the facts as stated by McCullough are, in fact, true. That is the province of the jury, and the court finds this objection is overruled.

Next, Defendants object to the alleged failure of the Magistrate Judge to apply an objective analysis to the constitutional violation. Defendants contend that the Magistrate Judge used an improper "hindsight" analysis to determine that "because the conditions at Plaintiff Jabary's business may have existed 12 days prior to the revocation of the Certificate a hypothetical jury might find that McCullough acted arbitrarily by waiting 12 days to revoke the Certificate." [Doc. #153 at 17]. Defendants argue that if the Magistrate Judge had considered the facts which objectively existed, that were known to McCullough, and if those facts, viewed objectively, supported McCullough's actions, then there is no violation. Defendants assert that

9

McCullough had a reasonable basis for finding a public health emergency existed, and that the Magistrate Judge erred in considering that another public official might think there was no emergency.

Defendants assert that the following factors demonstrate the objective reasonableness of the public health and safety exigency on the day McCullough revoked the certificate of occupancy:

> (1) It was undisputed that McCullough was unaware of the earlier poor health inspection report until he arrived at Jabary's business on June 9, 2010;
> (2) The poor health inspection reports noted that a follow-up visit from health inspectors would be "soon," and that the report contained a handwritten notation "30 days to fix noncritical items, 24 all others"; and
> (3) The health inspection report issued June 9, 2010, lists many of the same violations.

[Doc. #153 at 18-19]. Defendants argue that the Magistrate Judge improperly considered McCullough's actions in hindsight, and failed to consider whether McCullough had reasonable grounds for believing that a danger existed that required summary action.

Defendants are incorrect. The Magistrate Judge clearly recognized that "the question before the Court is not whether an emergency actually existed, but whether McCullough acted arbitrarily or otherwise abused his discretion in concluding that there was an emergency requiring summary action" [Doc. #151 at 16]. The Magistrate Judge considered all of the evidence cited by Defendants, and came to the conclusion that there was a fact issue that precluded summary judgment. Specifically, the Magistrate Judge concluded that if a jury considered the facts at issue and found that McCullough went to Jabary's business and learned that Jabary had been cited twelve days earlier for certain health violations, that Jabary had been given thirty days to cure many of the deficiencies noted by the inspectors, and that McCullough had been aware for months that K2 was a dangerous substance and that Jabary was selling that

10

substance, then that same jury could conclude that McCullough acted arbitrarily or abused his discretion on the day he conducted the inspection. Defendants' objection is overruled.

Next, Defendants assert that the Magistrate Judge incorrectly analyzed the qualified immunity question because it did not consider whether, under the totality of the circumstances facing McCullough, the law was so clearly established under existing precedent so that entitlement to pre-revocation notice and a hearing was established beyond debate [Doc. #153 at 21 (citing *Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013)]. Defendants contend that when the court conducts a qualified immunity analysis, there are two prongs to the analysis. First, the court must determine whether or not a Constitutional violation occurred. Second, the court must determine whether there was immunity for such a violation. Defendants assert that if the court determines that a Constitutional violation occurred, that determination does not defeat immunity, but requires the court to engage in the other prong of the immunity analysis.

In considering whether McCullough was entitled to qualified immunity, the Magistrate Judge determined that there was a fact question as to whether a Constitutional violation occurred. However, Defendants ignore the fact that the Fifth Circuit, in its prior consideration of this case, determined that:

> Predeprivation notice, when depriving someone of an important property interest, is "the root requirement of the Due Process Clause." Jabary's property interest in the Certificate was obvious and the alleged failure to give predeprivation process was a violation of a clearly established right under the Fourteenth Amendment.

[Doc. #151 at 21]. Thus, the question of whether or not there was a violation of a clearly established right has already been addressed by the Fifth Circuit, and must be determined after a jury determines whether or not McCullough acted arbitrarily or abused his discretion, because that finding will determine whether predeprivation notice was required or if the postdeprivation procedures were sufficient to satisfy the due process requirement. The resolution of this question

revolves around the same factual issue noted above, and the Magistrate Judge properly found that there was a fact issue regarding whether McCullough is entitled to qualified immunity. Defendants' objection is overruled.

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes Defendants' objections are without merit and are, therefore, overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #151] is hereby adopted; Plaintiff's Opposed Motion for Leave to Supplement its Response to Defendants' Motion for Summary Judgment (Dkt. #146) is **GRANTED**; Defendants' Motion for Summary Judgment (Dkt. #135) is **GRANTED IN PART** and **DENIED IN PART**; and the claims against Defendant Stephen Terrell are dismissed with prejudice, and the Clerk is directed to terminate Stephen Terrell from this civil action.

So **ORDERED** and **SIGNED** this **10** day of **December, 2014.**

_____
Ron Clark, United States District Judge