# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MIKE JABARY | § | |
| | § | |
| v. | § | Case No. 4:10-cv-711 |
| | § | Judge Mazzant |
| CITY OF ALLEN, STEPHEN TERRELL, | § | |
| and BRET MCCULLOUGH | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant McCullough and Terrell's Second Motion for Summary Judgment (Dkt. #171). Having considered the motions, the responses, and the relevant pleadings, the Court finds that Defendants' motion should be denied.

## BACKGROUND

On July 17, 2014, the undersigned entered a report and recommendation on Defendants' Motion for Summary Judgment, which was filed on behalf of Defendants Stephen Terrell and Bret McCullough ("McCullough") (Dkt. #151). The report and recommendation addressed Plaintiff's procedural due process claim and Defendants' qualified immunity defense, and recommended that Plaintiff's claims against Defendant Stephen Terrell be dismissed with prejudice. The report further recommended that Plaintiff's claims against McCullough remain for trial. The report and recommendation was adopted on December 10, 2014, and Plaintiff's claims against Stephen Terrell were dismissed with prejudice (Dkt. #182).

Defendants filed their second motion for summary judgment on November 14, 2014 (Dkt. #171). On December 21, 2014, Plaintiff filed his response (Dkt. #188), and on December 23, 2014, Defendants filed their reply (Dkt. #190).

On January 7, 2015, Bret McCullough filed his Notice of Interlocutory Appeal (Dkt. #199), and stated that he was appealing to the United States Court of Appeals for the Fifth

1

Circuit from the Court December 10, 2014 order adopting the report and recommendations of the United States Magistrate Judge (Dkt. #182). To the extent that the Court has jurisdiction to consider this motion as to Bret McCullough in light of the interlocutory appeal filed by him, the Court finds it should be denied and will not consider the motion as a motion to reconsider at this time.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248.

The party moving for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case.

*Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor . . . unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence but must refrain from making any credibility determinations or from weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

McCullough[1] moves for summary judgment on any substantive due process or takings claims asserted against him individually, and again on Plaintiff's procedural due process claim and Defendant's qualified immunity defense.

McCullough asserts that in his Fourth Amended Complaint (Dkt. #167), Plaintiff pleaded a substantive due process claim and takings claim against him, as well as the City of Allen. However, in his response, Plaintiff notes that the substantive due process claim against McCullough was dismissed by this Court. That ruling was affirmed by the Fifth Circuit Court of Appeals. *Jabary v. City of Allen*, 547 F. App'x 600, 611 (5th Cir. 2013). Thus, this issue is no longer before the Court. Further, Plaintiff alleges that the takings claim was not pleaded against

---

[1] Plaintiff's claims against Defendant Stephen Terrell have already been dismissed from this litigation (Dkt. #182), and there are no claims remaining against this Defendant. Therefore, the Court will not consider a motion for summary judgment as to Stephen Terrell, and will consider this McCullough's motion for summary judgment.

McCullough, and is also not an issue before the Court. Accordingly, the Court will not address these issues in the motion for summary judgment as Plaintiff confirms that neither a takings claim nor the substantive due process claim were pleaded against McCullough.

Finally, McCullough again moves for summary judgment on Plaintiff's claim for procedural due process. McCullough contends that no procedural due process violation was committed and that McCullough is entitled to qualified immunity. McCullough argues, in addition to the facts asserted in his original motion, that the May 27, 2010 inspection report notified Plaintiff that the critical items circled on the Notice of Violation were required to be corrected within 24 hours (Dkt. #171 at 4). McCullough states that the critical circled items included hand sanitizer, unblocking of handsinks, removal of excessive equipment in the kitchen and maintaining the dishes and equipment in the kitchen in a clean manner. *Id*. McCullough notes that as of the June 9, 2010 report, the circled critical items had not been corrected within the 24 hours required, and, in addition spoiled food was present. *Id*. McCullough argues that these worsened conditions led him to believe that there was an immediate need to shut down Plaintiff's business. *Id*. at 5.

This is McCullough's second motion for summary judgment on the same facts and legal arguments that were raised in the prior motion. The Court has already found that there is a fact issue as to whether McCullough acted arbitrarily or otherwise abused his discretion in concluding that there is an emergency requiring summary action. The Court also found that there is a fact issue remaining as to whether McCullough was entitled to qualified immunity. McCullough has appealed this decision (Dkt. #199). For this reason, the Court finds the motion is denied.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant McCullough and Terrell's Second Motion for Summary Judgment (Dkt. #171) is hereby **DENIED**.

**SIGNED this 22nd day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE