# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MIKE JABARY | § | |
| | § | |
| v. | § | Case No. 4:10-cv-711 |
| | § | Judge Mazzant |
| CITY OF ALLEN and BRET MCCULLOUGH | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for New Trial (Dkt. #211). After considering the motion, the responses, and the relevant pleadings, the Court finds the motion should be denied.

## BACKGROUND

In this case Defendant, City of Allen (the "City") revoked a Certificate of Occupancy issued to Plaintiff, Mike Jabary, for Jabary Mediterranean, a hookah bar and restaurant located in the City of Allen, Texas. In his Fourth Amended Complaint, Plaintiff asserted that the revocation of the Certificate of Occupancy constituted an unconstitutional taking by the City of Allen, along with other substantive and procedural due process claims.

On January 27, 2012, the undersigned stayed the takings claim against the City until Jabary could exhaust all state administrative remedies and recommended dismissal of the substantive due process and conspiracy claims against the individual defendants (Dkt. #78, #79). The recommendation of the undersigned was adopted by United States District Judge Michael H. Schneider on February 29, 2012 (Dkt. #100). On November 25, 2013, the Fifth Circuit affirmed the dismissal of the substantive due process and conspiracy claims against each of the individual defendants named in the original complaint, modified the dismissal of the takings claim against

1

the City to be without prejudice and affirmed the dismissal as modified,[1] and reversed and remanded the procedural due process claims against Defendants Terrell and McCullough (Dkt. #122). *Jabary v. City of Allen*, 547 F. App'x 600 (5th Cir. 2013).

On July 31, 2014, Plaintiff filed a motion to lift the stay and reinstate the case as to the City (Dkt. #158). After considering the response and conducting a hearing, the Court granted the motion, lifted the stay imposed as to the City, and reinstated Plaintiff's complaint against the City (Dkt. #161).

On October 31, 2014, Plaintiff filed his Fourth Amended Complaint against the City of Allen, Stephen Terrell, and Bret McCullough (Dkt. #167). On November 14, 2014, the City filed its motion for summary judgment (Dkt. #170). On December 20, 2014, Plaintiff filed his response to the motion (Dkt. #186). On December 23, 2014, the City filed its reply (Dkt. #189). On January 22, 2015, the Court entered an order granting the City's motion for summary judgment, and found that the claims against the City should be dismissed with prejudice (Dkt. #205).

On February 12, 2015, Plaintiff filed his motion for new trial (Dkt. #211). The City filed its response on March 2, 2015 (Dkt. #217). Plaintiff filed his reply on March 11, 2015 (Dkt. #218), and Defendant filed its sur-reply on March 17, 2015 (Dkt. #219).

---

[1] The undersigned did not recommend the dismissal of the takings claim against the City with prejudice, but instead recommended the dismissal of the takings claim without prejudice (*See* Dkt. #79 at 13 ("The Court agrees with the City that Plaintiff's takings and due process claims are not ripe and should be dismissed without prejudice to pursue his state remedies."); 14 (recommending the case be stayed with regard to the claims against the City until Plaintiff exhausts his state remedies)). The recommendation of the undersigned was adopted by United States District Judge Michael H. Schneider, and found that the recommendation should be adopted and the claims stayed to allow Plaintiff to exhaust state remedies (Dkt. #100 at 4 (adopting the report and recommendation of the United States Magistrate Judge, granting the City's 12(b)(6) motion in part, and staying the case sixty days to allow Plaintiff to exhaust his state remedies.))

## LEGAL STANDARD

As a threshold matter, the Court notes that a motion for new trial under Rule 59 is not a proper method for challenging a grant of summary judgment. "Where, as here, the court has disposed of the case on a motion for summary judgment, such a motion is properly classified as one filed pursuant to Rule 59(e)." *Harris v. New Werner Holding Co., Inc.*, No. 3:08-cv-1750-L, 2009 WL 4249240, at *1 (N.D. Tex. Nov. 25, 2009) (citing *Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.")). As this motion requests reconsideration of the Court's entry of summary judgment, the Court will analyze the motion pursuant to Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). The Fifth Circuit "has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). A motion to alter or amend judgment may be granted on grounds including: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct clear error or prevent manifest injustice. *See In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). It is "an extraordinary remedy that should be used sparingly," but courts have a great deal of discretion in ruling on a 59(e) motion. *Templet*, 367 F.3d at 479.

**ANALYSIS**

Plaintiff contends that the Court's summary judgment regarding his takings claim against the City should be altered or amended to correct a clear error and prevent manifest injustice. Plaintiff does not argue that there was an intervening change in controlling law or that new evidence not previously available is now available, and the Court agrees that there is no change in law or new evidence. Plaintiff also does not argue that the Court's judgment should be altered or amended as to Plaintiff's claims for procedural and substantive due process.

Plaintiff contends that the Court made a "manifest error of fact and law" that should be corrected in order to prevent manifest injustice (Dkt. #211 at 1, ¶ 4). Plaintiff argues that the Court failed to view the evidence in the light most favorable to the nonmovant, and further failed to resolve disputes of fact in favor of the nonmovant. Plaintiff asserts that the following conclusion of the Court is not supported by the record: "In the underlying state court matter, the City's Motion for summary judgment was based on its assertion that its sovereign immunity was not waived by either the Texas Tort Claims Act or the Texas Constitution, and that Plaintiff's takings claims were not ripe" (Dkt. #211 at 2, ¶ 6-7 (citing Dkt. #205 at 9)). Plaintiff argues that in the underlying state court matter, the district court ruled that the City had not waived its immunity as to the official oppression cause of action only, and ruled that the takings claim was not ripe (Dkt. #211 at 2, ¶ 8). According to Plaintiff, the City never raised the issue of sovereign immunity as a bar to the takings claim. The Texas Fifth District Court of Appeals addressed only the subject matter jurisdiction issues in its opinion. Plaintiff argues that, in his motion for summary judgment before this Court, the City never moved for summary judgment on the basis that the underlying state court judgment was predicated upon sovereign immunity (Dkt. #211 at 4, ¶ 16).

"The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth Amendment, *Chicago, B. & Q.R. Co. v. Chicago*, 166 U.S. 226, 17 S. Ct. 581, 584, 41 L.Ed. 979 (1897), directs that 'private property' shall not 'be taken for public use, without just compensation.'" *Urban Developers LLC v. City of Jackson, Miss.*, 468 F.3d 281, 292 (5th Cir. 2006). On January 27, 2012, the undersigned stayed the takings claim asserted by Plaintiff against the City, reasoning that Plaintiff must first exhaust his state remedies before seeking federal redress (Dkt. #79 at 13). The Court stated that "Plaintiff's takings and due process claims are not ripe and should be dismissed without prejudice to pursue his state remedies." *Id*. Specifically, the Court stayed the case for sixty (60) days from the adoption of the report and recommendation of the undersigned to allow Plaintiff to exhaust his state remedies, but only as to the takings claim against the City. *Id*. at 14. Thereafter, Plaintiff filed his petition in state court for the takings issue, and did not attempt to complete any of the administrative procedures available through the City (*See* Dkt. #115 at 2:16-25; 3:9-16; 5:16-20 ("When the Court did this initially, I really was envisioning you going back to the City during the appeal process… at the time I did my first report and recommendation."); 12:18-24 ("And I think… you misunderstood the Court's intent on the 60-day stay… The idea was that you would go back to the City and do their administrative remedies over the 60 days and see where that got you. So, I don't know that it required you to actually go file another lawsuit in state court to exhaust the remedies.")).

In the state court proceedings, Plaintiff's Original Petition, as well as his Amended Petition, asserted claims for a private taking, a public taking under both the Fifth Amendment to the United States Constitution and the Texas Constitution, and official oppression (*See, generally,* Dkt. #170 at Apx. 110-121, 126-138). In its Answer, the City stated:

> 2.01 Defendant City of Allen is a governmental entity. It was performing governmental functions. Its sovereign immunity has not been clearly and unambiguously waived. Because the City's sovereign immunity has not been waived, this Court does not have jurisdiction as to the claims against the City.

(Dkt. #170 at Apx. 122). At this point it is clear that the issue of sovereign immunity as to the claims against the City, which included a private takings claim, a federal and state public takings claim, and an official oppression claim, was pleaded as a defense to the allegations made by Plaintiff in the state court proceedings. This fact is acknowledged in subsequent places in the record by the parties. For example, the City's Motion for Summary Judgment Asserting a Plea to the Jurisdiction states that there is a general presumption of sovereign immunity unless the legislature has clearly and unambiguously waived sovereign immunity (Dkt. #170 at Apx. 144-146). In support of this proposition, the City cited *Wichita Falls State Hospital v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2002), which states, "It is settled in Texas that for the Legislature to waive the State's sovereign immunity, a statute or resolution must contain a clear and unambiguous expression of the Legislature's waiver of immunity." In addition, the City cited Texas Government Code § 311.034, which expressly provides that "[s]tatutory prerequisites to a suit… are jurisdictional requirements in all suits against a governmental entity," and affirms that the sovereign immunity of a state must be waived by clear and unambiguous language. The City's motion states:

> Governmental entities in Texas are immune from suit and liability in Texas unless the Legislature expressly waives sovereign immunity. *Texas Department of Transportation v. City of Sunset Valley*, 146 S.W.3d 637, 641 (Tex. 2004); *State v. Lueck*, 290 S.W.3d 876, 880 (Tex. 2009). If the governmental entity's sovereign immunity is not waived, then the Court does not have jurisdiction for claims against the governmental entity. *Lueck*, 290 S.W.2d at 880-881.

(Dkt. #170 at Apx. 145). In a discussion regarding Plaintiff's takings claims specifically, the City argued that "a party asserting a taking must first exhaust his administrative remedies to

comply with jurisdictional prerequisites for suit," and that "statutory prerequisites to suit are jurisdictional requirements to a waiver of sovereign immunity." (Dkt. #170 at Apx. 153 (citing Tex. Gov't Code § 311.034; *City of Dallas v. Stewart*, 361 S.W.3d 562 (Tex. 2012); *Patel v. City of Everman*, 361 S.W.3d 600 (Tex. 2012)). Thus, contrary to Plaintiff's assertion, the City's motion for summary judgment asserting a plea to the jurisdiction places squarely at issue whether Plaintiff exhausted his administrative remedies and, by doing so, waived sovereign immunity as to the takings claims asserted by Plaintiff (*See* Dkt. #211 at 6, ¶ 24 ("After a proper review of the summary judgment record, the Court could not have properly concluded that either the State Trial Court or the State Appellate Court ruled on Jabary's takings claim based upon sovereign immunity. The City's sovereign immunity claim was limited to the official oppression claim only.")).

This fact is also acknowledged in several places in the state court record by Plaintiff himself. For example, in his response to the state court summary judgment proceedings, Plaintiff states:

> Defendant proposes the frivolous argument that Jabary may not maintain a Constitutional takings claim against the City of Allen because of sovereign immunity.

(Dkt. #170 at Apx. 206). Plaintiff goes on to state:

> There is simply no supporting law that this Court does not have jurisdiction over Jabary's takings claims. The takings claims are those brought only against governmental entities and there can be no doubt that the government does not maintain immunity as to takings claims.

(Dkt. #170 at Apx. 207). Plaintiff also argues that the sovereign immunity argument raised by the City is an attempt to prolong, harass, and unilaterally drive up the costs of litigation. *Id*. Plaintiff requested sanctions against the City in state court for this conduct. *Id*.; *see also* Dkt. #170 at 220-221.

After judgment was rendered by the district court, Plaintiff appealed to the Fifth District Court of Appeals and clearly presented this issue as an issue for review by the appellate court. In fact, the first issue presented to the appeals court listed in the Table of Contents reads, "Sovereign Immunity is Inapplicable to Takings Claim," and described the issue as "Whether the City can claim sovereign immunity from takings claims when Texas case law indicates there is no sovereign immunity for takings claims and the Texas Government Code indicates Texas has waived sovereign immunity for takings claims" (Dkt. #170 at Apx. 260, 267). Plaintiff spends approximately four pages of his appellate brief addressing this issue (Dkt. #170 at Apx. 276-279). The City fully responded to Plaintiff's argument in its response brief before the appellate court, and argued that because Plaintiff failed to establish subject matter jurisdiction over the takings claims, specifically due to Plaintiff's failure to exhaust the available administrative remedies, then the state's sovereign immunity could not be waived for the takings claim (Dkt. #170 at Apx. 322-336). In his reply brief, however, Plaintiff stated to the appellate court that the issue of sovereign immunity was moot and did not need review by the appellate court (Dkt. #170 at Apx. 375). Although he acknowledged and agreed that he did not exhaust his administrative remedies in state court, Plaintiff continued to argue that his takings claim was ripe in the state court because the City reached a final decision with regard to Plaintiff's Certificate of Occupancy, and that any appeal through the administrative procedures would be futile (Dkt. #170 at Apx. 376-379). The Fifth District Court of Appeals acknowledged that "During oral argument, Jabary withdrew his first issue regarding whether the City could claim sovereign immunity from takings claims" (Dkt. #170 at Apx. 412).

The Court's ruling on the takings claim in this case was based on res judicata, both claim preclusion, often termed "res judicata," and issue preclusion, often referred to as "collateral

estoppel" (*See* Dkt. #205).[2] The Court found that both claim and issue preclusion applied to this case, and that Plaintiff was barred from bringing his takings claim in this Court. Plaintiff now asserts that the Court did not draw reasonable inferences in his favor, failed to review the full summary judgment record, failed to review the evidence in the light most favorable to the Plaintiff, and improperly concluded that the state trial court or the state appellate court ruled on Plaintiff's takings claim based on sovereign immunity.

The Court will first discuss whether claim preclusion applies to bar Plaintiff's takings claim in this Court. "Under Texas law, three elements must be satisfied in order for res judicata to be appropriate: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.'" *Carrasco v. City of Bryan, Tex.*, No. H-11-662, 2012 WL 950079, at *3 (S.D. Tex. March 19, 2012) (quoting *Berkman v. City of Keene*, No. 3:10-cv-2378-B, 2011 WL 3268214 (N.D. Tex. July 29, 2011)); *see also Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1252-54 (5th Cir. 1991). If these three conditions are satisfied, res judicata prohibits either party from raising any claim or defense in the later action that was or could have been raised in support of or in opposition to the cause of action asserted in the prior action. *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).

In its order granting the City's motion for summary judgment, the Court found that Plaintiff did not dispute that the second and third conditions were satisfied. Specifically, the parties in this case are identical to those in the state court action and the claims that were raised in the state court action are identical to the claims raised here. The only issue to be determined is

---

[2] Plaintiff asserts that "[i]t is unclear whether the Court made a ruling on issue preclusion or if its 'note' was merely dicta" (Dkt. #211 at 11, ¶ 45). As a point of clarification, the Court made a ruling on issue preclusion in its summary judgment opinion and order. In its order, the Court discussed the law applicable to both claim preclusion and issue preclusion, and made findings based on both of these legal concepts as applied to this case (Dkt. #205 at 7-8, 10-11).

whether a prior final judgment on the merits was entered by a court of competent jurisdiction. It is unclear to the Court whether Plaintiff is asserting that the judgment entered by the state court is not a final judgment on the merits or if Plaintiff is asserting that the state court was not a court of competent jurisdiction. For purposes of this order, the Court will assume that Plaintiff is making both arguments.

First, the Court will consider whether there was a final judgment on the merits in the state court litigation. After a complete review of the record in this case, which includes the state court proceedings, there is no doubt that the City's state court argument regarding Plaintiff's takings claim was that Plaintiff's claim was not ripe and, therefore, Plaintiff's takings claim was not viable and the state's sovereign immunity as to that claim was not waived. Plaintiff recognized that argument in the state court proceedings and fully litigated against that argument, as described above. In fact, Plaintiff did not abandon his argument until his reply brief before the state appellate court. The state court rendered a final judgment granting the City's motion for summary judgment asserting a plea to the jurisdiction (Dkt. #170 at Apx. 257). While the final judgment is not specific as to the findings of the state court, the motion is granted in its entirety and the court found that "all claims asserted herein against the City of Allen are hereby dismissed with prejudice." *Id*. Although Plaintiff argues that the City's sovereign immunity argument applied to the official oppression claim only and not the takings claim, the Court finds, even when viewing the evidence in the light most favorable to Plaintiff, that this is simply not the case. As quoted above, the City pleaded sovereign immunity as to both claims and discussed sovereign immunity as to both claims in its summary judgment brief. Plaintiff specifically argued against the application of sovereign immunity to the takings claims, and abandoned the official oppression claim after recognizing that it was barred by sovereign immunity. If the City

was not asserting sovereign immunity as to the takings claim, then at the point the official oppression claim was abandoned by Plaintiff, there would be no need to continue briefing the sovereign immunity issue at all in the state court proceedings (*See* Dkt. #170 at Apx. 236). Yet argument on this issue continued all the way up to the appellate court. Plaintiff states that the City argued, "Because Plaintiff has not utilized administrative remedies, his takings claims are not ripe and this Court does not have jurisdiction," and Plaintiff appears to believe that ripeness is distinct from sovereign immunity. However, the two arguments are essentially the same in this case – the City contends that because Plaintiff's takings claim is not ripe, then Plaintiff's takings claim is not viable.

Under Texas law, in order to invoke a waiver of sovereign immunity for a takings claim, the takings claim must be viable. *See City of Dallas v. VSC, LLC*, 347 S.W.3d 231, 236 (Tex. 2011) ("The constitution waives immunity for suits brought under the Takings Clause, but this does not mean that a constitutional suit may be brought in every instance."); *Texas Municipal Power Agency v. Johnston*, 405 S.W.3d 776, 785 n.5 (Tex. App. – Houston [1st Dist.] 2013, no pet.); *City of Beaumont v. Como*, 381 S.W.3d 538, 540 (Tex. 2012) ("A party must also 'avail [herself] of statutory remedies that may moot [her] takings claim, rather than directly institute a separate proceeding asserting such a claim.'"); *see also Hearts Bluff Game Ranch, Inc. v. State*, 381 S.W.3d 468, 476 (Tex. 2012) (citing *Gen. Servs. Comm'n v. Little-Tex Insulation Co. Inc.*, 39 S.W.3de 591, 598-99 (Tex. 2001) ("In the absence of a properly pled takings claim, the state retains immunity."); *Tex. Dep't of Transp. v. A.P.I. Pipe and Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013) ("A trial court lacks jurisdiction and should grant a plea to the jurisdiction where a plaintiff 'cannot establish a viable takings claim.'"). In this case, Plaintiff's takings claim is not

viable because Plaintiff failed to exhaust his administrative remedies, and sovereign immunity was not waived.

Texas courts have held that a dismissal pursuant to a plea to the jurisdiction is a dismissal with prejudice because it constitutes a final determination on the merits of the matter actually decided. *Harris County v. Sykes*, 136 S.W.3d 635, 640-41 (Tex. 2004). Other courts have held that summary judgment on the grounds of sovereign immunity is a judgment on the merits for purposes of applying res judicata. *Flores v. Edinburg Consolidated I.S.D.,* 741 F.2d 773, 774 (5th Cir. 1984); *Berkman v. City of Keene*, No. 3:10-cv-2378-B, 2011 WL 3268214 (N.D. Tex. July 29, 2011). The state court found that Plaintiff's takings claim was not ripe and, thus, sovereign immunity was not waived. The issues were fully and vigorously litigated in the state courts, and the jurisdictional defect cannot be cured by Plaintiff. The final judgment in this case was with prejudice (Dkt. #170 at Apx. 257). Accordingly, the Court finds that the state court judgment was a final judgment on the merits of the issues actually litigated and this Court is obligated to give such a judgment full faith and credit. U. S. CONST. art. IV, § 1; 28 U.S.C. § 1738; *San Remo Hotel v. County and City of San Francisco*, 545 U.S. 323, 347 (2005).

The Court will now turn to whether the state district court and/or the appellate court were courts of competent jurisdiction. Plaintiff contends that "the state district court cannot be a court of competent jurisdiction unless Jabary's claim was ripe for the state court to adjudicate the merits, which the state district court and the state court of appeals determined against Jabary" (Dkt. #211 at 11, ¶ 42). However, Plaintiff agrees that courts have jurisdiction to determine their own jurisdiction (Dkt. #211 at 10, ¶ 38 (citing Dkt. #205 at 9; *Houston Municipal Employees Pension System v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007)). Thus, the state court in this case had jurisdiction to determine the issues actually litigated, which was whether or not the state

12

court had jurisdiction. This Court's finding that Plaintiff's takings claim in this case was barred by issue and claim preclusion does not disturb the state court's judgment at all, and does not suggest that the state court does have jurisdiction over the claim. On the contrary, this Court found that Plaintiff was barred by res judicata from litigating the same issue (ripeness of Plaintiff's takings claim) a second time in this Court. Accordingly, the Court finds the state court was a court of competent jurisdiction to determine whether or not it had jurisdiction over the case.

Therefore, all three elements of the test for claim preclusion, or res judicata, are met, and Plaintiff's takings claim is barred.

The Court will now discuss whether issue preclusion applies to bar Plaintiff's takings claim as well. Issue preclusion, or collateral estoppel, promotes the interests of judicial economy by treating specific issues of fact or law that are validly and necessarily determined between two parties as final and conclusive. Issue preclusion is appropriate only if the following four conditions are met: (1) the issue under consideration in a subsequent action must be identical to the issue litigated in a prior action; (2) the issue must have been fully and vigorously litigated in the prior action; (3) the issue must have been necessary to support the judgment in the prior case; and (4) there must be no special circumstance that would render preclusion inappropriate or unfair. *Universal Am. Barge Corp. v. J-Chem, Inc*., 946 F.2d 1131, 1136 (5th Cir. 1991) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326-32 (1979)). All of these conditions are met here. First, the issue under consideration in this case, whether or not Plaintiff's takings claim is ripe, is identical to the issue litigated in the state court suit. Second, the issue was fully and vigorously litigated in state court, as described in detail in the record. Third, the ripeness of Plaintiff's takings claim was necessary to support the judgment entered by the state court.

Finally, there are no special circumstances that would render preclusion inappropriate or unfair. Accordingly, issue preclusion also applies to bar Plaintiff's takings claim.

## CONCLUSION

After fully considering Plaintiff's motion, the summary judgment record, the response, the reply, the sur-reply, and the relevant authorities cited by both parties, the Court finds that it did not err in its conclusion that both claim and issue preclusion, or res judiciata and collateral estoppel, apply to bar Plaintiff's takings claim. Accordingly, the Court finds that Plaintiff's Motion for New Trial (Dkt. #211) is hereby **DENIED**.

**SIGNED this 18th day of May, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE