# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| MIKE JABARY | § |
| | § Civil Action No. 4:10-CV-00711 |
| v. | § Judge Mazzant |
| | § |
| BRET MCCULLOUGH | § |
| | § |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Mike Jabary's ("Jabary") Motion to Permit Pauperis Service and Transcripts (Dkt. 275). After reviewing the relevant pleadings and motion, the Court finds the motion should be granted in part and denied in part.

## BACKGROUND

On December 28, 2010, Jabary, proceeding pro se, filed a complaint against the City of Allen (Dkt. #1). On the same day, Jabary filed a motion to proceed *in forma pauperis* (Dkt. #3). On January 19, 2011, the Court issued an order granting Jabary's motion to proceed *in forma pauperis* (Dkt. #7). After retaining counsel, Jabary filed his First Amended Complaint on May 13, 2011 (Dkt. #9). Jabary filed his Second Amended Complain adding Bret McCullough as a defendant on August 24, 2011 (Dkt. #37). Thereafter, Jabary and the defendant extensively litigated this matter before district and appellate courts over several years. On October 27, 2017, Jabary filed a Motion to Permit Pauperis Service and Transcripts (Dkt. #275).

## ANALYSIS

Jabary asks the Court to expand his *in forma pauperis* relief to include service and transcripts of hearings before the Court (Dkt. #275). On October 27, 2017, Defendant filed his Response to Jabary's Motion to Permit Pauperis Service and Transcription (Dkt. #276).

The "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *Pedraza v. Jones*, 71 F.3d 194, 196 (5th. Cir. 1995) *quoting United States v. MacCollum*, 426 U.S. 317, 321 (1976). Congress has statutorily authorized public funds for *in forma pauperis* litigants. *See id*; *see also* 28 U.S.C. § 1915.

Section 1915 explicitly permits a court to provide service for an indigent litigant:

> The officers of the court shall issue and serve all process, and perform all duties in such cases. Witnesses shall attend as in other cases, and the same remedies shall be available as are provided for by law in other cases.

28 U.S.C. § 1915.

In turn, the Court expands *in forma pauperis relief* to cover service. Further, section 1915 explicitly permits a court to provide printing and transcription aid under the following circumstances:

> (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title.

28 U.S.C. § 1915. Given the limited grounds on which a court may provide printing and transcription services, courts across the nation have deemed that a litigant proceeding *in forma pauperis* is not entitled to such aid.[1]

Here, Jabary asks for the transcript of the last hearing because it is "important to address discovery matters in this case, and will provide information on how to continue or appeal if

---

[1] *See Tabron v. Grace*, 6 F.3d 147, 158–59 (3d Cir. 1993) ("There is no provision in the statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."); *see also Burns v. Gray*, 106 F.3d 413 (10th Cir. 1997) (There is no statutory requirement that the government provide a litigant proceeding *in forma pauperis* with a copy of his deposition transcript.); *Windsor v. Martindale*, 175 F.R.D. 665, 672 (D. Colo. 1997) ("Plaintiff is not entitled to a copy of any document without payment of an appropriate copy cost, if required.").

necessary." (Dkt #275 at p. 2).  This does not meet the criteria in section 1915.  *See* 28 U.S.C. § 1915.  Thus, the Court will not expand Jabary's *in forma pauperis* relief to cover transcriptions of the latest hearing.

## CONCLUSION

It is hereby **ORDERED** that Plaintiff's Motion to Permit Pauperis Service and Transcripts is **GRANTED** as to the request for service of discovery and trial subpoenas.  Plaintiff's Counsel shall prepare the subpoenas and USM-285s (see www.txed.uscourts.gov) as soon as possible to ensure time for service.  Counsel may contact the U.S. Marshal, (903) 868-2379 concerning service.  The United States Marshal shall serve at no cost to Plaintiff.

**SIGNED this 31st day of October, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE